UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS R. GARCIA,

    Petitioner,

v.                                     Case No. 03-CV-74659-DT

THOMAS BIRKETT,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Pending before the court is Petitioner's motion for a certificate of appealability [Dkt. # 46] and motion for leave to appeal in *forma pauperis* [Dkt. # 47]. For the reasons stated below, the court will deny Petitioner's motion for a certificate of appealability and will grant Petitioner's leave to appeal *in forma pauperis.*

## I. THE CERTIFICATE OF APPEALABILITY

### A. Standard of Review

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right." To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

### B. The Individual Claims

#### 1.  Claim #1

In his first claim for habeas corpus relief, Petitioner alleged that the prosecutor elicited false testimony from Ricky O'Neal (the leader of the Gangster Disciples) relating to O'Neal's obligation to testify against Petitioner as part of a plea agreement.

The court rejected Petitioner's prosecutorial misconduct claim, finding that Petitioner had failed to meet his burden of showing that O'Neal's testimony was false. (7/21/05 Order at 6.) Moreover, the court noted that terms of O'Neal's plea bargain were explained in full to the jury. (*Id.* at 7.)

The Supreme Court has held that in order to establish a due process violation, a petitioner must show that the prosecution deliberately misled the jury or did not correct misleading testimony about the incentives offered to a witness for his testimony. *See Giglio v. United States*, 405 U.S. 150, 153-154 (1972); *see also Napue v. Illinois*, 360 U.S. 264, 268-69 (1959). In addition, the *Ziegler v. Callahan*, 659 F.2d 254, 263 (1st Cir. 1981) court held that "the defendant must show that there was a promise of aid made by the Government to a key witness that was not disclosed to the jury. Second, he must demonstrate that, in the language of *Giglio* and *Napue*, 'the false testimony

could . . . in any reasonable likelihood have affected the judgment of the jury . . . .'" (citing *U.S. v. Ramos Algarin*, 584 F.2d 562, 564 (1st Cir. 1988).

In his motion for a certificate of appealability, Petitioner argues that "the discrepancies between what the jury was told and what was in the written agreement [are] self-evident" according to the "transcripts." (Pet'r's Mot. at 2-3.) In addition, Petitioner asserts that reasonable jurists could debate whether Appellant has shown a "violation of a constitutional right and also whether the [c]ourt properly denied the evidentiary hearing to refine the claim." (*Id.* at 3.)

As the magistrate judge determined, "[t]here is no dispute that O'Neal testified that he had been given a deal in exchange for his testimony or that the terms of the deal were fully explained to the jury." (March 29, 2005 R and R at 15.) The magistrate judge also noted the potential double jeopardy question that could result from the prosecutor seeking to rescind O'Neal's plea agreement based on his breach of it after he had already been sentenced. (*Id.*) In addition, the court notes that the Michigan Court of Appeals has held that O'Neal's testimony was correct as a matter of state law. The *People v. Garcia*, 2002 WL 499458 court explained:

> There is nothing in Michigan's court rules that provides for withdrawal of a plea agreement by a prosecutor after sentencing. Pursuant to MCR 6.310(C), a prosecutor can move to "vacate a plea before sentence is imposed if the defendant has failed to comply with the terms of a plea agreement." This language "suggests that withdrawal after the sentence on this ground may not be permissible."

*Id.* at *2 (quoting 1A Gillespie, Michigan Criminal Law & Procedure (2d ed.), § 16.33, p. 119). The *Garcia* court's conclusion is consistent with Michigan law. For example, in *People v. Word*, 1997 WL 33344051, the *Word* court held that "[t]he informant's

3

obligation under his plea agreement to testify in this case effectively ended at the time he was sentenced." *Id.* at *2. The *Word* court also concluded that although "a prosecutor may seek to have a defendant's plea vacated *before* sentence is imposed, under state law the trial court lacks authority to set aside a valid sentence once the defendant begins serving it." *Id.* at *2, n.1 (emphasis supplied). In support of its holding, the *Word* court cited MCR 6.429(A), which provides that a "court may not modify a valid sentence after it has been imposed except as provided by law." MCR 6.429(A). *See also People v. Wybrecht*, 564 N.W.2d 903, 906 (Mich. Ct. App. 1997) (noting that Rule 6.429(A) "codifies the well-settled principle that the trial court lacks authority to set aside a valid sentence once the defendant begins serving it," that "such an action may infringe upon the Governor's commutation powers and intrude upon the parole board's jurisdiction," and therefore "absent a tangible legal or procedural error that makes a sentence invalid, the trial court cannot alter a sentence that a defendant has begun to serve.") (Internal citations omitted).

In short, O'Neal's testimony that the prosecutor could no longer force his cooperation through the use of the plea agreement was most likely correct as a matter of federal constitutional law, and was unequivocably correct as a matter of state law. Because the law is clear on this point, a certificate of appealability therefore shall not be issued in regards to Petitioner's prosecutorial misconduct claim because reasonable jurists could not disagree on the state of the law relating to this issue.

### 2.  Claim # 2

In his second claim, Petitioner asserted that he was denied a fair trial when O'Neal was allowed to testify that a letter addressed to "R. Rivera" by "A. Washington" was written by Petitioner.  Specifically, he argues that the introduction of the letter denied him a fair trial because O'Neal was not qualified to identify Petitioner's handwriting, particularly in light of the fact that a police expert could not do so.

The court determined that the letter was properly admitted under the Michigan evidentiary rules and that it was not fundamentally unfair to admit it, since Petitioner could not show "that this otherwise properly admitted evidence was so unreliable that its admission denied him a fair trial."  (7/21/05 Order at 8-9); Mich. R. Evid. 901(b)(2); (R & R at 20.)

Federal habeas courts do not "reexamine state court determinations on state law questions," including evidentiary rules, unless it was fundamentally unfair to admit the evidence.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In his motion for a certificate of appealability, Petitioner argues that "reasonable jurists might debate whether the [c]ourt rightly denied Appellant an opportunity at a hearing to demonstrate the merit of his claim . . . by establishing that O'Neal perjured himself while purporting to authenticate a crucial piece of evidence (a threatening letter) alleged to have been written by Appellant."  (Pet'r's Mot. at 3.)

The Michigan Court of Appeals considered Petitioner's argument that the letter was not properly authenticated under Mich. R. Evid. 901 and reasoned that O'Neal's testimony that he was familiar with Petitioner's handwriting and that the letter appeared to be written by Petitioner was sufficient to authenticate the letter under Mich. R. Evid.

901.  *Garcia*, 2002 WL 499458, at *3.  Rule 901 provides that a document may be authenticated by "[n]onexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation."  Mich. R. Evid. 901(b)(2).

Reasonable jurists could not disagree that O'Neal's authenticity of the letter was permissible under the Michigan Rules of Evidence.

### 3.  Claim # 3

In his third claim, Petitioner alleged that he was denied a fair trial when the prosecution introduced testimony about his prior convictions and arrest record.  The court rejected Petitioner's claim, recognizing that the Supreme Court and Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of other acts evidence which is relevant in the defendant's trial.  *Dowling v. United States*, 493 U.S. 342, 353-54 (1990); *Coleman v. Mitchell*, 268 F.3d 417, 439-40 (6th Cir. 2001).

In his motion for a certificate of appealability, Petitioner argues that "a pre-trial order excluding the evidence precludes a conclusion that the evidence was relevant."  (Pet'r's Mot. at 3.)  The court finds, however, that reasonable jurists could not disagree that the Supreme Court and Sixth Circuit have repeatedly held that relevant other acts evidence is admissible.  A certificate of appealability, therefore, should not be granted.

### 4.  Claim # 4

In his fourth claim, Petitioner asserted that he was denied a fair trial by the trial court's refusal to instruct the jury on felonious assault as a lesser included offense of first degree murder, and on conspiracy to commit felonious assault as a lesser included

offense of conspiracy to commit murder.  The court determined that Petitioner had not shown how the failure to give the instructions made the trial fundamentally unfair.

Supreme Court and Sixth Circuit precedent hold that instructions on lesser included offenses are required in capital cases, *Beck v. Alabama*, 447 U.S. 625, 637 (1980), but are not required in non-capital cases.  *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001).  In claiming that the denial of instructions on lesser included offenses made the trial unfair, Petitioner is essentially requesting that the *Beck* ruling be extended to cases such as his that entail non-parolable life sentences.

In his motion for a certificate of appealability, Petitioner contends that "whether a non-parolable life sentence should be accorded the same due process protection as a death sentence when it comes to instructions on cognate lesser offenses is . . . debatable among reasonable jurists."  (Pet'r's Mot. at 3.)

In order for habeas corpus relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial "fundamentally unfair."  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Wood v. Marshall*, 790 F.2d 548, 551-52 (6th Cir. 1986).  In addition, the Supreme Court noted in *Estelle* that the Court's previous admonition that "we . . . have defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Dowling*, 493 U.S. at 352.

The court will deny Petitioner's motion for a certificate of appealability because he has not established that reasonable jurists could debate whether his constitutional

right to a fair trial was denied because of the court's failure to instruct the jury on lesser included offenses.

## II. PETITIONER'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Additionally, Petitioner has filed a "Motion to Proceed Without Payment of Filing Fees." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, at *3 (N.C. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, shall grant Petitioner's request to proceed without prepayment of the filing fee.

## III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. #46] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Proceed Without Payment of Filing Fees" [Dkt. #47] is GRANTED.

S/Robert H. Cleland

                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: September 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2005, by electronic and/or ordinary mail.

                                        S/Lisa Wagner

                                        Case Manager and Deputy Clerk
                                        (313) 234-5522